# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DUSTIN J. DUNN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05088 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 14, 15, 16).

After considering and reviewing the record, the Court finds that the ALJ erred in failing to consider plaintiff's hypochondriasis diagnosis, and that this error infected the

ALJ's assessment of plaintiff's credibility, medical opinions, and lay witness evidence. The ALJ also erred in failing to account for all limitations identified by State agency psychological consultants. On remand, the ALJ shall reassess this evidence.

## BACKGROUND

Plaintiff, DUSTIN DUNN, was born in 1981 and was 27 years old on the alleged date of disability onset of March 12, 2009 (*see* Tr. 186, 193). Plaintiff attended school into the twelfth grade, but did not graduate and has not obtained his GED (Tr. 44). Plaintiff has worked in a sandwich shop, done lawn maintenance at a golf course, worked for a company making treadmills, and for an auto detailer. He last worked for the auto detailer, until he had an accident at work after blacking out (Tr. 45-48).

The ALJ found that plaintiff had the severe impairments of "bilateral hand psoriasis/dermatitis, depression, anxiety disorder, and personality disorder with avoidant features" (Tr. 19).

At the time of the hearing, plaintiff was separated from his wife and living with his mother and stepfather (Tr. 43).

## PROCEDURAL HISTORY

In July 2010, plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) of the Social Security Act (*see* Tr. 186-192, 193-199). The applications were denied initially and following reconsideration (Tr. 121-35). Plaintiff's requested hearing was held before Administrative Law Judge Joanne E. Dantonio ("the ALJ") on December 9, 2011 (*see* Tr. 39-64). On January 27, 2012, the ALJ issued a

ORDER ON PLAINTIFF'S COMPLAINT - 2

written decision in which the ALJ concluded that plaintiff was not disabled under the Social Security Act (*see* Tr. 14-34).

On December 20, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in February 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on April 26, 2013 (*see* ECF Nos. 11, 12).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ provided legitimate reasons for rejecting reports of examining psychologists Dr. Zaragoza, Dr. Neims, and Dr. Wingate; (2) Whether or not the ALJ properly accounted for State agency opinions that plaintiff has "occasional lapses" in concentration; (3) Whether or not the ALJ erred when she dismissed plaintiff's somatization disorder at step two of the sequential evaluation; (4) Whether or not the ALJ's adverse credibility analysis was legally adequate; (5) Whether or not the ALJ provided legitimate reasons for rejecting lay evidence from Erica Smith; and (6) Whether or not this case should be remanded for payment of benefits, rather than further administrative proceedings (*see* ECF No. 14, p. 2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v.*

*Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp., supra*, 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

## DISCUSSION

I.  **Whether or not the ALJ erred when she dismissed plaintiff's somatization disorder at step two of the sequential evaluation.**

In her step-two analysis, the ALJ noted that one psychologist indicated that plaintiff had a possible somatization disorder (Tr. 344), but suggested that review of more

medical records would be needed to confirm the diagnosis (Tr. 20).  At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities.  *See Bowen*, 482 U.S. at 145; 20 C.F.R. §§ 404.1520(c), 416.920(c).  Based on the lack of a firm diagnosis of somatization disorder, the ALJ found that it was not a medically determinable impairment, and thus could not be a severe impairment included at step two (Tr. 20).

Plaintiff argues that the ALJ herself reviewed plaintiff's medical records and found that they did not support plaintiff's complaints, which would support a somatization disorder diagnosis.  The ALJ is not a physician or psychologist, however, and is therefore not qualified to determine whether plaintiff's medical records establish a diagnosis.  *See* 20 C.F.R. §§ 404.1528(b)-(c), 414.928(b)-(c) (defining the "signs" and "laboratory findings" necessary to establish the existence of a medically determinable impairment).  A provisional diagnosis does not meet this threshold.

Plaintiff goes on to argue that the ALJ erred in overlooking the suggestion of two providers that he has hypochondriasis, which is a type of somatoform disorder (ECF No. 14, p. 15 (citing Tr. 330-31, 436)).  One provider suggested that plaintiff should be "monitor[ed]" for hypochondriasis (Tr. 331), but did not actually diagnose plaintiff with that disorder.  In the absence of a confirmed diagnosis, this mention of hypochondriasis does not suggest a step-two error.

Examining psychologist Terilee Wingate, Ph.D., did specify a hypochondriasis diagnosis, however, and the ALJ failed to mention this diagnosis at step two or when summarizing Dr. Wingate's opinion (Tr. 20, 26-27).  On remand, the ALJ shall

reconsider Dr. Wingate's hypochondriasis diagnosis to determine whether plaintiff's hypochondriasis is severe.

**II.     Whether or not the ALJ's adverse credibility analysis was legally adequate.**

The ALJ provided a number of reasons to discount the credibility of plaintiff's subjective testimony, including lack of corroboration in the medical evidence, lack of treatment, inconsistent statements, evidence of symptom exaggeration, his ability to work with the same alleged deficits, and inconsistent daily activities.  Plaintiff argues that some of these reasons are not clear and convincing (ECF No. 14, p.17-18).

**A.     Legal standards**

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen, supra*, 80 F.3d at 1283-84 (*citing Dodrill, supra*, 12 F.3d at 917); *Reddick, supra*, 157 F.3d at 722 (*citing Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

      **B.**     **Medical evidence and evidence of symptom exaggeration**

Plaintiff argues that the ALJ erred in considering whether objective medical evidence supported his allegations, and whether he exaggerated his symptoms, because he has a somatoform disorder that, "by definition, requires physical symptoms that are not fully explained by a medical condition" (ECF No. 14, p. 17). Because, as explained *supra*, the ALJ overlooked a hypochrondriasis diagnosis and failed to address whether this disorder could have explained the lack of objective medical support for plaintiff's

complaints, the Court defers evaluation of whether this reasoning is valid. On remand, the ALJ shall reconsider her credibility findings in light of her assessment of plaintiff's hypochrondriasis diagnosis and symptoms.

**III.   Whether or not the ALJ provided legitimate reasons for rejecting medical opinions**

Plaintiff assigns error to the ALJ's assessment of opinions provided by examining psychologists Rogelio Zaragoza, M.D.; Daniel M. Neims, Psy.D.; and Dr. Wingate. He also argues that the ALJ erred in accounting for the State agency psychological consultants' opinions regarding his concentration deficits. The Court will address each opinion in turn.

**A. Legal standards**

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Batson v. Comm'r of Soc. Security*

*Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes*, 881 F.2d at 751). In addition, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))). However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (*citing Magallanes*, 881 F.2d at 751).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey*, 849 F.2d at 421-

22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

### B. Dr. Zaragoza's opinion

Dr. Zaragoza examined plaintiff in October 2010, opining that *inter alia* he would not be able to "perform work activities on a consistent basis", "maintain regular attendance in the workplace", or "complete a normal workday/workweek without interruptions from his psychiatric condition" (Tr. 383). The ALJ credited other parts of Dr. Zaragoza's opinion, but found that his

> finding that the claimant is unable to work is not consistent with the evaluation or the medical evidence of record. Dr. Zaragoza gives no basis for such a finding, given the remainder of his opinion that finds no disabling limitations. The opinion appears to rely solely on the claimant's subjective complaints, which as discussed in detail above, are less than entirely credible.

Tr. 26. Plaintiff argues that the ALJ erred in discounting this portion of Dr. Zaragoza's opinion as based on non-credible self-reporting, because Dr. Zaragoza's evaluation conformed to proper protocol for a psychological evaluation, and he had the opportunity to observe plaintiff's answers and test results (ECF No. 14, p. 11).

The ALJ accurately observed that Dr. Zaragoza did not explain why he believed plaintiff could not perform work activities on a consistent basis and maintain attendance (Tr. 383), but also indicated that she believed those opinions relied on plaintiff's non-

credible self-report (Tr. 26). Because the ALJ will be reassessing plaintiff's credibility on remand, the ALJ shall also reconsider Dr. Zaragoza's opinion in light of that reassessment.

### C. Dr. Neims' opinion

Dr. Neims examined plaintiff in September 2010, and opined that, *inter alia*, he had several marked limitations in cognitive and social functioning (Tr. 342-56). The ALJ rejected that part of Dr. Neims's opinion as contradicted by Dr. Zaragoza's opinion (Tr. 26). Because the ALJ shall reconsider Dr. Zaragoza's opinion on remand, the ALJ shall also reassess Dr. Neims's opinion.

### D. Dr. Wingate's opinion

Dr. Wingate evaluated plaintiff in September 2011, and opined that he had several marked limitations in cognitive and social functioning (Tr. 434-41). The ALJ found Dr. Wingate's opinion to be inconsistent with plaintiff's self-reported ability to socialize with his friends, and also discounted it on the basis that plaintiff had been able to work after the time he told Dr. Wingate his symptoms first appeared (Tr. 26-27). The ALJ also found that Dr. Wingate had improperly considered plaintiff's avoidance of tasks due to his physical condition, because plaintiff's physical complaints are outside Dr. Wingate's area of expertise.

As explained *supra*, the ALJ overlooked Dr. Wingate's hypochrondriasis diagnosis, which undergirds her opinions regarding plaintiff's fear of exacerbating his physical condition (Tr. 436-38). On remand, the ALJ shall reassess Dr. Wingate's opinion, particularly as it relates to her hypochrondriasis diagnosis.

### E. State agency opinions

State agency psychological consultants found that plaintiff "would be capable of [simple, routine tasks] as well as detailed task[s] for up to 2 hrs at a time w/occ[asional] lapses due to [mental health] symptoms" (Tr. 87, 101). The ALJ gave significant weight to that opinion, and explained that she accounted for the "occasional lapses" in concentration by restricting plaintiff to simple, rather than detailed, tasks (Tr. 26). Plaintiff argues that the ALJ was not entitled to interpret the consultant's opinion to mean that he would not experience concentration lapses if limited to simple tasks, because the consultant did not explicitly opine that.

The Commissioner argues that the ALJ "properly captured" the State agency opinions because after the time this opinion was rendered, plaintiff's mental health symptoms improved with treatment (ECF No. 15 at 13). But the ALJ did not offer this reasoning, and instead indicated that she believed (without citing the basis for this belief) that limiting plaintiff to simple, routine tasks would eliminate his occasional lapses in concentration (Tr. 26). Because the State agency consultants did not indicate that plaintiff's occasional lapses in concentration would exist only when he performed detailed tasks, the ALJ's interpretation is not reasonable and not supported by substantial evidence. Thus, the ALJ erred in reaching unsupported conclusions regarding plaintiff's functional capacity based on the State agency opinions. On remand, the ALJ shall reassess the State agency opinions and either account for them in the residual functional capacity assessment, or provide legitimate reasons to discount them.

**IV. Whether or not the ALJ provided legitimate reasons for rejecting lay evidence from Ms. Smith.**

The ALJ rejected the statement provided by lay witness Ms. Smith on the grounds that she reiterated plaintiff's complaints and her statements were therefore not credible for the same reasons that plaintiff's testimony was not credible (Tr. 27). Because, as explained *supra*, the ALJ must reassess plaintiff's credibility on remand, the ALJ shall also reconsider Ms. Smith's statement in light of that reassessment.

**V. Whether or not this case should be remanded for payment of benefits, rather than further administrative proceedings.**

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77.

In this case, the first criterion has been satisfied, as the Court has identified multiple errors in the ALJ's analysis of the evidence. As to the second and third criteria, however, it is not clear that even if the erroneously discounted or rejected evidence were credited, the ALJ would be required to find the claimant disabled, primarily because it is

1 | not clear how the ALJ would weigh plaintiff's hypochrondriasis diagnosis and related
2 | symptoms, and how that analysis will affect her credibility determination. Accordingly,
3 | the Court remands this matter for additional proceedings.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 19th day of March, 2014.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge